UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DARYL BROCK,                          )
                                      )
             Petitioner,              )
      vs.                             )    1:13-cv-642-SEB-DML
                                      )
SUPERINTENDENT,                       )
                                      )
             Respondent.              )

**Entry and Order Dismissing Action**

**I.**

Daryl Brock seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. NCF 12-11-0026153. In that proceeding, Brock was found guilty of violating prison rules by attempted trafficking. The evidence supporting the determination included the prison's receipt on November 8, 2012, of an envelope addressed to Brock bearing a stamp which tested positive for cocaine derivatives.

Contending that the proceeding is tainted by constitutional error, Brock seeks a writ of habeas corpus. The court finds, however, that there was no error of that nature and that Brock's habeas petition must therefore be **denied.** This conclusion rests on the following facts and circumstances:

1. Brock is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

2. In these circumstances, Brock was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

3. Under *Wolff* and *Hill,* Brock received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Brock was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed. His arguments that he was denied due process are either refuted by the expanded record. Specifically, Brock was supplied with detailed allegations concerning the charge, the evidence, the investigation and the surrounding circumstances. Additionally, he was provided

with the Scott Reagemt test results of the stamp, and there is no dispute that those results were positive for cocaine. He admits that he was acquainted with the individual who mailed the envelope to him; in fact, he states that person to be his sister. This provided him with ample basis on which to defend against the charge.

As to the sufficiency of the evidence, it has already been described. The "some evidence" standard of *Hill* is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. Stated differently, "[t]his standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced.'" *Id.* at 455 (quoting *United States ex rel. Vajtauer v. Comm'r of Immigration,* 273 U.S. 103, 106 (1927)). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "[O]nly evidence that was presented to the [hearing officer] is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). Brock states there was no evidence supporting his guilt, but the expanded record shows otherwise. The evidence was sufficient. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which Brock to the relief he seeks.

Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __11/26/2013__

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Daryl Brock
No. 881988
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel